**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| LEONARD SMITH, | ) | CASE NO. 1:12-CV-00534 |
| | ) | |
| *Plaintiff,* | ) | JUDGE LESLEY WELLS |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT'S AMENDED ANSWER** |
| STERLING INFOSYSTEMS, INC., | ) | **TO PLAINTIFF'S COMPLAINT** |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

Defendant Sterling Infosystems, Inc. ("Sterling"), for its Amended Answer to the Complaint filed by Plaintiff Leonard Smith ("Plaintiff") in the above-captioned matter, states as follows:

1.      In response to paragraph 1 of the Complaint, Sterling admits Plaintiff purports to bring this putative class action against it under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA").  Sterling denies any willful and/or negligent noncompliance with the FCRA and/or that it violated the FCRA in any manner with respect to Plaintiff or the putative class and subclass members.  Further answering, Sterling denies the remaining allegations in paragraph 1 of the Complaint.

2.      Sterling admits the allegations in paragraph 2 of the Complaint.

3.      In response to Paragraph 3 of the Complaint, Sterling admits that this Court has personal jurisdiction over it, but denies that its principle place of business is in the Northern District of Ohio.

4.      In response to Paragraph 4 of the Complaint, Sterling is without sufficient knowledge or information to form a belief as to the truth or falsity of Plaintiff's alleged residence in Dunkirk, New York, and therefore denies same.  Further answering, Sterling states that

Plaintiff's allegation that he is a "consumer" as defined by 15 U.S.C. § 1681a constitutes a legal conclusion or a mixed statement of law and fact to which no responsive pleading is required.  To the extent that a response is required, Sterling admits that Plaintiff is a consumer for the purposes of the FCRA.

     5.     In response to Paragraph 5 of the Complaint, Sterling admits that it is a Delaware corporation.  Further answering, Sterling states that Plaintiff's allegation that Sterling is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a constitutes a legal conclusion or a mixed statement of law and fact to which no responsive pleading is required.  To the extent that a response is required, Sterling admits it is a CRA for the purposes of the FCRA.

     6.     Sterling admits the allegations in paragraph 6 of the Complaint.

     7.     The allegations of paragraph 7 of the Complaint constitute legal conclusions or a mixed statement of law and fact to which no responsive pleading is required.  To the extent that a response is required, Sterling denies the allegations of paragraph 7 of the Complaint.

     8.     Sterling admits the allegations in paragraph 8 of the Complaint.

     9.     The allegations of paragraph 9 of the Complaint constitute hypothetical statements, legal conclusions and/or mixed statements of law and fact to which no responsive pleading is required.  To the extent that a response is required, Sterling denies the allegations of paragraph 9 of the Complaint.

     10.     The allegations of paragraph 10 of the Complaint constitute hypothetical statements, legal conclusions and/or mixed statements of law and fact to which no responsive pleading is required.  To the extent that a response is required, Sterling denies the allegations of paragraph 10 of the Complaint.

11.    The allegations of paragraph 11 of the Complaint constitute hypothetical statements, legal conclusions and/or mixed statements of law and fact to which no responsive pleading is required.  To the extent that a response is required, Sterling denies the allegations of paragraph 11 of the Complaint.

12.    Sterling denies the allegations in paragraph 12 of the Complaint.

13.    Sterling denies the allegations in paragraph 13 of the Complaint.

14.    Sterling denies the allegations in paragraph 14 of the Complaint.

15.    Sterling denies the allegations in paragraph 15 of the Complaint.

16.    In response to paragraph 16 of the Complaint, Sterling is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

17.    In response to paragraph 17 of the Complaint, Sterling states that it provided a consumer report to New England Motor Freight ("NEMF").  Further answering, Sterling states the consumer report provided to NEMF is in writing and is the best evidence of the contents reported therein.  Sterling is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 17 of the Complaint, and therefore denies same.

18.    In response to paragraph 18, Sterling states the consumer report provided to NEMF is in writing and is the best evidence of the contents reported therein.  Sterling is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in paragraph 17 of the Complaint, and therefore denies same.

19.     In response to paragraph 19 of the Complaint, Sterling is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations therein, and therefore denies same.

20.     In response to paragraph 20 of the Complaint, Sterling admits it did not provide contemporaneous notice to Smith that it had provided adverse public record information to NEMF and further states that it was not necessary to provide such notice.

21.     Sterling denies the allegations in paragraph 21 of the Complaint.

22.     Sterling denies the allegations in paragraph 22 of the Complaint.

23.     The allegations of paragraph 23 of the Complaint are vague, ambiguous and constitute legal conclusions or a mixed statement of law and fact to which no responsive pleading is required.  To the extent that a response is required, Sterling denies the allegations of paragraph 23 of the Complaint.

24.     Sterling denies the allegations in paragraph 24 of the Complaint.

25.     In response to paragraph 25 of the Complaint, Sterling denies that Plaintiff's claims are appropriate for class certification and/or adjudication and denies that the class and subclass proposed by Plaintiff in this case is proper.  Sterling asserts that the class and subclass definitions in paragraph 25 of the Complaint are too vague, ill-defined and overbroad to qualify as an appropriate class or subclass under FRCP 23, and therefore denies Plaintiff's allegations.

26.     In response to paragraph 26 of the Complaint, Sterling denies that Plaintiff's claims are appropriate for class certification and/or adjudication and denies that the class and subclass proposed by Plaintiff in this case, even with the proposed exclusions set forth in paragraph 26, is proper.

27.     Sterling denies the allegations in paragraph 27 of the Complaint.

28. Sterling denies the allegations in paragraph 28 of the Complaint.

29. Sterling denies the allegations in paragraph 29 of the Complaint.

30. Sterling denies the allegations in paragraph 30 of the Complaint.

31. Sterling denies the allegations in paragraph 31 of the Complaint.

32. Sterling denies the allegations in paragraph 32 of the Complaint.

33. Sterling denies the allegations in paragraph 33 of the Complaint.

34. In response to paragraph 34 of the Complaint, Sterling restates its answers to the allegations in paragraphs 1 through 33 of the Complaint and incorporates such answers as if fully rewritten herein.

35. Sterling denies the allegations in paragraph 35 of the Complaint.

36. In response to paragraph 36 of the Complaint, Sterling denies that it in any way violated the FCRA and/or that Plaintiff or the putative class and subclass members are entitled to any statutory damages.

37. In response to paragraph 37 of the Complaint, Sterling denies that it in any way violated the FCRA and/or that Plaintiff or the putative class and subclass members are entitled to any punitive damages.

38. Sterling denies the allegations in paragraph 38 of the Complaint.

39. In response to paragraph 39 of the Complaint, Sterling states no responsive pleading is needed.

40. Sterling denies that it engaged in any unlawful or wrongful conduct relative to Plaintiff or the putative class and subclass members and, therefore, Plaintiff denies that the putative class and subclass members are entitled to any of the forms of relief set forth in the "Prayer for Relief" paragraph appearing at the end of the Complaint.

5

41.     Sterling denies each and every allegation contained in the Complaint that is not specifically admitted herein.

**ADDITIONAL DEFENSES**

1.     Plaintiff fails to state a claim upon which relief can be granted.

2.     Plaintiff's claims and those of the purported class and subclass members are barred because they are without merit as a matter of both fact and law.

3.     Plaintiff's claims and those of the purported class and subclass members are barred in whole or in part by operation of the doctrines of estoppel, accord and satisfaction, laches, unclean hands and/or waiver.

4.     To the extent that the period of time alluded to in the Complaint predates the applicable limitations period under the FCRA, such claims of Plaintiff and/or the members of the purported class and subclass are time-barred.

5.     Plaintiff's claims and those of the purported class and subclass members are barred in whole or in part because Plaintiff and/or the purported class and subclass members failed to comply fully with procedures available under the FCRA to address concerns and/or otherwise failed to take reasonable steps to avoid harm.

6.     Sterling did not violate any provision of the FCRA.

7.     Sterling did not at any time willfully or negligently fail to comply with any of the requirements of the FCRA.

8.     Sterling at all times maintained and followed reasonable procedures to assure the maximum possible accuracy of the information it gathered and reported concerning Plaintiff and members of the purported class and subclass, in compliance with the FCRA.

9.     Sterling at all times maintained and followed strict procedures to insure that the public record information it gathered and reported concerning Plaintiff and members of the purported class and subclass was complete and up to date, in compliance with the FCRA.

10.     Plaintiff and the members of the putative class and subclass have failed to join necessary and indispensable party(ies) as defendant(s) in this lawsuit.

11.     Plaintiff's claims and the claims of the members of the purported class and subclass are barred in whole or in part because of Plaintiff's and/or the members' of the putative class and subclass contributory fault or negligence and/or the fault or negligence of third parties not named as defendants in this lawsuit.

12.     Plaintiff's claims and the claims of the members of the purported class and subclass are barred because Sterling is not the proximate cause of any injuries or damages suffered by Plaintiff and/or members of the purported class and subclass.

13.     Plaintiff's claims and the claims of the members' of the purported class and subclass for damages or other relief are barred because any harm allegedly suffered by Plaintiff and/or the members of the purported class and subclass was legally and proximately caused by persons, entities or circumstances entirely outside the control or supervision of Sterling, or for whom Sterling is not responsible or liable.

14.     Plaintiff and the members of the purported class and subclass are not entitled to statutory damages, punitive damages or attorneys' fees because Sterling did not at any time engage in any unlawful, negligent, willful, reckless or malicious conduct toward Plaintiff or any members of the purported class and subclass with intent to injure Plaintiff or any member of the purported class and subclass or with knowledge or belief that injury was substantially certain to occur.

7

15.     Sterling acted in good faith at all times, with bona fide and justifiable reasons for believing that its conduct complied with the law, so Sterling cannot be held liable for punitive damages.

16.     Plaintiff cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, and, thus, this action cannot be maintained as a class action.

17.     This suit should not be maintained as a class action because:

a.      The proposed class and subclass definitions are vague, ambiguous and overbroad;

b.      Class adjudication is not superior to other methods of adjudication;

c.      Common questions of law and fact do not predominate over individualized questions.

d.      There are not common questions of law and fact in regards to the various purported class members;

e.      Plaintiff is not a proper class representative;

f.      Plaintiff may have some significant conflict of interest with the purported class and subclass members; and

g.      Plaintiff's claims are not "typical" or "common" with the claims of the purported class and subclass members.

18.     In the event this action is certified as a class action, the claims of class members who have previously filed suit, entered into settlements with Sterling and/or its agents and/or affiliates, or otherwise settled claims or had their claims decided on the merits, are barred by the doctrines of release, accord and satisfaction, collateral estoppel and/or res judicata.

19.    Sterling reserves the right to modify, supplement and/or add further defenses as they become known throughout the course of discovery or otherwise.

WHEREFORE, having fully answered the allegations contained in Plaintiff's Complaint, Defendant Sterling Infosystems, Inc. respectfully requests that the Complaint be dismissed in its entirety with prejudice, that Sterling be awarded its costs and attorneys' fees incurred in defending against this action, and for such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

**JACKSON LEWIS LLP**

*/s/ Vincent J. Tersigni*
Vincent J. Tersigni (0040222)
Jeffrey B. Keiper (0063133)
Patricia F. Krewson (0076539)
Park Center Plaza I, Suite 400
6100 Oak Tree Blvd.
Cleveland, Ohio 44131
Phone: (216) 750-0404; Fax: (216) 750-0826
Email: Vincent.Tersigni@jacksonlewis.com
        Jeffrey.Keiper@jacksonlewis.com
        Patricia.Krewson@jacksonlewis.com

Attorneys for Defendant
Sterling Infosystems, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of July 2012, a true and accurate copy of the foregoing **Defendant's Amended Answer to Plaintiff's Complaint** was filed electronically with the United States District Court for the Northern District of Ohio.  Notice of this filing will be delivered to the following parties by operation of the Court's electronic filing system.

/s/ Vincent J. Tersigni
Vincent J. Tersigni (0040222)
**Jackson Lewis LLP**

Attorney for Defendant
Sterling Infosystems, Inc.

4837-4330-9072, v.  1